841 F.2d 1122
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Betty A. BULLARD, Plaintiff-Appellant,
v.
Otis R. BOWEN, Secretary, Department of Health and Human
Services, Defendant- Appellee.
 No. 87-1653.
 United States Court of Appeals, Fourth Circuit.
 Argued: Jan. 4, 1988.
Decided: Feb. 22, 1988.
 
 Deborah Kay Garton (Hensley, Muth, Garton and Hayes, on brief), for appellant.
 Deborah Fitzgerald, Assistant Regional Counsel (Beverly Dennis, III, Chief Counsel, Region III; Charlotte Hardnett, Supervisory Assistant, Regional Counsel, Office of the General Counsel, Department of Health and Human Services; Michael W. Carey, United States Attorney; Gary E. Pullin, Assistant United States Attorney, on brief), for appellee.
 Before POWELL, Associate Justice (Retired), United States Supreme Court, sitting by designation, ERVIN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Betty Bullard was granted disability insurance benefits by the Secretary of Health and Human Services. She appealed, arguing that she had become disabled prior to the onset date fixed by the Secretary. With the consent of the parties, the district court referred the matter to a magistrate pursuant to 28 U.S.C. Sec. 636(c) (1982). The magistrate modified the decision of the Secretary, fixing the date of Bullard's disability four months prior to the date set by the Secretary. Bullard brought this appeal, arguing that she became disabled even earlier. We affirm.
 
 
 2
 Bullard first applied for disability insurance benefits in January, 1983. That application was denied upon reconsideration on October 18, 1983, and became final when Bullard failed to appeal. She filed her second application in June, 1984. That application was denied initially and upon reconsideration, and was taken to the administrative hearing level. An Administrative Law Judge, without a hearing, issued an opinion in June, 1985, denying benefits. The Appeals Council vacated that decision and remanded the case to a second ALJ for a full administrative hearing. Following that hearing, the second ALJ rendered a decision finding Bullard disabled as of July 11, 1985. When the Appeals Council refused to review this decision, it became final.
 
 
 3
 Bullard appealed to the district court, arguing that she had become disabled prior to July 11, 1985, and that the ALJ had misapplied the doctrine of res judicata to bar consideration of her status prior to October 18, 1983. The magistrate found that there was substantial evidence to support the Secretary's finding that Bullard had become disabled after October 18, 1983, and therefore did not reach the res judicata issue. The magistrate found, however, that there was not substantial evidence to support the Secretary's finding that Bullard had become disabled after March 11, 1985, and awarded her disability benefits as of that date.
 
 
 4
 The magistrate found that the Secretary had improperly evaluated Bullard's pain. Complaints of pain can support a finding of disability where medically acceptable clinical or laboratory diagnostic techniques disclose the existence of a condition which could reasonably be expected to produce disabling pain. 42 U.S.C. Sec. 423(d)(5)(A) (Supp. II 1984); Foster v. Heckler, 780 F.2d 1125, 1128-29 (4th Cir.1986). A non-examining medical advisor opined that Bullard was capable of performing sedentary work until July 11, 1985, but on March 11, 1985, Bullard's treating physician had performed a myelogram that disclosed a herniated disc reasonably capable of producing the disabling pain Bullard complained of. As the magistrate noted, there is no substantial evidence in the record of a condition existing prior to March 11, 1985, which could produce disabling pain. Finding no error in the magistrate's ruling, we affirm for the reasons stated in his careful memorandum order. Bullard v. Bowen, Civ. No. 1:86-1270 (S.D.W.Va. April 9, 1987).
 
 
 5
 AFFIRMED.