907 F.2d 1139
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Gorman Dale OSBORNE, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 90-2609.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 9, 1990.
Decided June 6, 1990.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Dennis Raymond Knapp, Senior District Judge. (CA-87-288-2)
 John Skaggs, Calwell, McCormick & Peyton, L.C., Charleston, W.Va., for appellant.
 Beverly Dennis, III, Chief Counsel, Region III, Charlotte Hardnett, Chief, Social Security Litigation Division, Anthony G. O'Malley, Jr., Assistant Regional Counsel, Office of the General Counsel, Department of Health and Human Services, Philadelphia, Pa; Michael W. Carey, United States Attorney, Stephen M. Horn, Assistant United States Attorney, Charleston, W.V., for appellee.
 S.D.W.Va.
 AFFIRMED.
 Before K.K. HALL and PHILLIPS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Gordon Dale Osborne appeals from the district court's order which affirmed the Secretary's decision denying him disability benefits under the Social Security Act, 42 U.S.C. Sec. 423. For reasons stated below, we affirm the judgment of the district court.
 
 
 2
 Osborne is a 44-year-old coal miner who was laid off in 1982 after 19 years of employment and has not worked since. He has been legally blind in one eye since birth. He developed simple pneumoconiosis as early as 1972 and, in 1984, received a 25% disability rating from the Occupational Pneumoconiosis Board in Charleston, West Virginia. Between June of 1979 and January of 1982, Osborne suffered minor injuries to his right ankle, left knee, back, and neck. He also has a history of chronic diarrhea and anxiety. None of these disabilities prevented Osborne from working prior to the layoff in 1982.
 
 
 3
 In 1984, Osborne filed for disability benefits, claiming total disability as of July 29, 1982, the day he was laid off. His claim was denied initially and on reconsideration. An administrative law judge (ALJ) dismissed Osborne's request for a hearing but remanded the case to the state agency for further consideration of Osborne's anxiety problems. After reviewing several psychological evaluations, the state agency again denied his claim, both initially and on reconsideration. Osborne's case was then heard by an ALJ. The ALJ denied Osborne's request for benefits, finding that, although he could not return to his previous coal mining job, he could perform sedentary or light work. The Appeals Council adopted the ALJ's ruling, making it the final decision of the Secretary. A magistrate reviewed the case and recommended affirmance. The district court, following a de novo review, adopted the magistrate's findings and affirmed the Secretary's decision.
 
 
 4
 On appeal, Osborne claims that the ALJ erred by not giving sufficient weight to the opinion of his treating physician and the vocational expert and by not giving credence to his testimony regarding pain.
 
 
 5
 * Osborne has had numerous medical examinations which are part of the record and will not be repeated here in detail. In summary, the medical evidence showed that Osborne suffers from mild arthritis in his knee and lower back, but retains full range of motion. He takes Motrin for pain. He has mild to moderate obstruction of air flow due to pneumoconiosis. He has diarrhea, the severity of which is unclear because of Osborne's inconsistent testimony, but the vocational expert testified that such problems can be controlled sufficiently to allow for employment. He has atypical anxiety with depressive tendencies, but the problem is "situational" and should not prevent him from performing a low stress job. The blindness in his left eye has not prevented him from working in the past; the vision in his right eye is normal.
 
 
 6
 Dr. Srichai began treating Osborne in 1984 when Osborne first filed this claim for benefits. He now believes that Osborne is totally disabled. As Osborne's treating physician, his opinion is entitled to great weight and should be followed unless there is persuasive contradictory evidence. See Foster v. Heckler, 780 F.2d 1125, 1130 (4th Cir.1986). There was such evidence in this case. For example, Dr. Srichai was the only doctor who found Osborne disabled; Dr. Pushkin concluded that Osborne could work at light or sedentary jobs and Dr. Hegg thought he could return to work in the mines. Even Dr. Srichai, in letters written earlier to Workers Compensation officials, suggested that Osborne's condition was treatable and that he would be able to work following physical therapy. Consequently, we find that the ALJ did not act improperly by rejecting Dr. Srichai's opinion that Osborne is currently disabled.
 
 II
 
 7
 According to the vocational expert, Osborne would have been totally disabled if, in addition to his other maladies, he suffered from moderate pain; however, given a mild level of pain, Osborne would have been only partially disabled and capable of performing light or sedentary work. While the ALJ did not make a specific finding regarding the level of pain, she did find that neither the medical evidence nor Osborne's testimony supported a finding of pain sufficient to affect Osborne's ability to perform light or sedentary work. The ALJ's conclusion was based in part on her assessment of the medical records summarized above and on her assessment of Osborne's credibility.
 
 
 8
 An ALJ's credibility determinations regarding a claimant's assertions about pain are entitled to great weight. See Shively v. Heckler, 739 F.2d 987, 989 (4th Cir.1984). Here, the ALJ discussed at length her serious doubts about Osborne's credibility. She also noted that Osborne's in-court behavior and his testimony regarding his daily activities did not comport with his alleged disabilities. In short, the ALJ concluded that Osborne's testimony regarding the disabling effects of his pain was incredible. Furthermore, in accord with Hammond v. Heckler, 765 F.2d 424, 426 (4th Cir.1985), she referred specifically to evidence sufficient to support her credibility determination.
 
 
 9
 The ALJ also used the Residual Functional Capacity tables for guidance in making her disability determination. The ALJ found Osborne to be a younger individual with a high school education and no transferable skills. Given these factors, the tables suggest that Osborne is not disabled, regardless of whether he is limited to sedentary work (Table No. 1, Rules 201.27 and 201.28) or light work (Table No. 2, Rules 202.20 and 202.21). See 20 C.F.R. pt. 404, subpt. P, App. 2 (1989).
 
 III
 
 10
 On appeal, we must affirm the ALJ's decision if it is supported by substantial evidence. See Blalock v. Richardson, 483 F.2d 773, 775-76 (4th Cir.1972). Based on the medical records, the testimony of Osborne and the vocational expert, and the Residual Functional Capacity tables, we find there was substantial evidence to support the ALJ's decision that Osborne was not totally disabled. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 11
 AFFIRMED.