958 F.2d 368
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Kenneth MILLER, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 90-1542.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 2, 1991.
Decided March 17, 1992.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. William M. Nickerson, District Judge. (CA-87-2888-WN)
 Argued: Jerry Dresner, Goodman, Meagher & Enoch, Baltimore, Md., for appellant.
 Victor Jerry Pane, Jr., Assistant Regional Counsel, Office of the General Counsel, Department of Health and Human Services, Philadelphia, Pa., for appellee.
 On Brief: Eileen Bradley, Chief Counsel, Region III, William B. Reeser, Supervisory Assistant Regional Counsel, Deborah Fitzgerald, Office of the General Counsel, Department of Health and Human Services, Philadelphia, Pa., Breckinridge L. Willcox, United States Attorney, Larry D. Adams, Assistant United States Attorney, Baltimore, Md., for appellee.
 D.Md.
 VACATED AND REMANDED.
 Before WIDENER and NIEMEYER, Circuit Judges, and MICHAEL, United States District Judge for the Western District of Virginia, Sitting by Designation.
 OPINION
 PER CURIAM:
 
 
 1
 Kenneth Miller appeals from a decision of the district court adopting and affirming the magistrate judge's report and recommendation granting defendants' motion for summary judgment on his Disability Insurance Benefits (DIB) and Supplemental Security Income claims (SSI). Because the decision of the Secretary is not supported by substantial evidence, the judgment below is vacated and the case remanded.
 
 I.
 
 2
 Claiming that he had been unable to work since June 1983, Miller filed an application for DIB and SSI under the Social Security Act, 42 U.S.C. §§ 301 et seq. Miller's physical difficulties started in 1970 when he suffered a head injury requiring prolonged hospitalization. As a result of this injury, Miller suffers right hemiparesis and right foot drop. His next injury occurred in April 1983, when he slipped and fell on a wet floor at work. This fall exacerbated his previous right-sided injuries and resulted in new injuries. Over the years, a variety of physicians have examined and treated Miller. Although all of the physicians agree that Miller suffers some degree of disability, none of them have stated that he is totally disabled from his physical impairments.
 
 
 3
 Miller's head injury also resulted in some mild cognitive impairment. Although Miller functions within the low average range of intelligence, rehabilitative and psychological evaluations indicate that he has a variety of personality problems, suffers from mild depression and anxiety, and has limited clerical and mechanical aptitude. Additionally, although he can follow simple instructions and can concentrate for a prolonged period of time, his work pace is considered noncompetitive.
 
 
 4
 At the administrative hearing, in addition to the above problems, Miller testified that he suffered from constant low back pain, a variety of intermittent pain, and that he has difficulty with forgetfulness, dizziness and drowsiness. Miller was 46 years of age at the time of the hearing, had an eighth grade education, and had been employed primarily in janitorial work. Miller testified that he could sit for about one hour, stand for about 30 to 40 minutes, walk about one block, and lift about 15 pounds eight or so times a day. He also testified that he can use only three fingers on his right hand. He lives in a church home where his meals are prepared for him. He does volunteer work at the church, manages his personal hygiene, and does light cleaning. His usual day consists of reading the paper, Bible study, and attending church services.
 
 
 5
 After the hearing, the administrative law judge (ALJ), relying on the medical vocational guidelines (grids), determined that Miller could perform some light and a full range of sedentary work and denied Miller benefits. The Appeals Council denied Miller's request to review the ALJ's decision, making the ALJ's decision the final decision of the Secretary of Health and Human Services. Miller filed suit in district court. Affirming and adopting the recommendation of the magistrate judge, the district court granted the defendants' motion for summary judgment. Claiming that the ALJ erred by relying on the grids instead of calling a vocational expert and that the Secretary's decision was not supported by substantial evidence, Miller appeals.
 
 II.
 
 6
 Judicial review of a denial of disability benefits under the Social Security Act is ordinarily limited to determining whether the findings of the Secretary are supported by substantial evidence. See 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 390 (1971). This Court has found substantial evidence when "there is evidence to justify a refusal to direct a verdict were the case before a jury." Shively v. Heckler, 739 F.2d 987, 989 (4th Cir.1984). Ultimately, it is the duty of the ALJ reviewing a claim for benefits, and not the courts, to make findings of fact and to resolve conflicts in the evidence. See King v. Califano, 599 F.2d 597, 599 (4th Cir.1979).
 
 
 7
 Our finding that substantial evidence does not support the Secretary's decision is largely based on the ALJ's treatment of Miller's subjective testimony of pain and on the effect Miller's multiple nonexertional limitations would have on his residual functional capacity. The rule in this circuit is that under 42 U.S.C. § 423(d)(5)(A), once a claimant shows objective medical evidence of a condition that can produce pain, the ALJ must evaluate the effect of the pain on the claimant's residual functional capacity. Foster v. Heckler, 780 F.2d 1125, 1130 (4th Cir.1986). The ALJ cannot disregard subjective testimony of pain just because the medical evidence did not prove the severity of the pain the claimant asserted. Id. at 1129.
 
 
 8
 Miller has been diagnosed with multiple maladies that could produce pain, including peripheral neuropathy, partial peroneal nerve lesion, and degenerative disc disease with herniated lumbar disc. Moreover, he suffers from persisting impairments in his neck, back, head, right-sided extremities, and left shoulder. Although acknowledging that Miller suffered from "mild-to-moderate intermittent pain," the ALJ erred by discounting Miller's subjective evidence of pain and then relying on the grids as more than guidelines in evaluating Miller's claim. See Walker v. Bowen, 889 F.2d 47, 49 (4th Cir.1989) (existence of non-exertional pain which affects an individual's residual functional capacity to perform work of which he is exertionally capable precludes the use of the grids as dispositive of the claim).
 
 III.
 
 9
 The ALJ also erred by relying on the grids despite Miller's multiple nonexertional limitations. The ALJ may not conclusively apply the grids where "nonexertional impairments exist in tandem with exertional limitations; instead individualized consideration must be given." Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir.1983) (claimant suffered from hemiparesis, low intelligence and impaired dexterity). But see Smith v. Schweiker, 719 F.2d 723 (4th Cir.1984) (although claimant suffered from progressive deterioration of hip joint and anxiety neurosis, his nonexertional impairment did not affect his residual functional capacity so application of the grids was appropriate). In Smith, this Court noted that the proper inquiry under Grant is "whether a given nonexertional condition affects an individual's residual functional capacity to perform work of which he is exertionally capable." Smith, 719 F.2d at 725. This is a question of fact which we review under the substantial evidence test.
 
 
 10
 As noted above, Miller suffers from a variety of personality problems, mild depression and anxiety, has limited clerical and mechanical aptitude, impaired manual dexterity on his right side, and cannot work at a competitive pace. Moreover, the ALJ's findings clearly demonstrate that Miller's residual functional capacity is affected by his nonexertional conditions.* Because a finding that Miller's functional capacity is not affected by his nonexertional limitations cannot be supported by substantial evidence, the ALJ erred in relying solely on the grids to determine that Miller was not entitled to benefits.
 
 
 11
 Because the ALJ failed to properly consider Miller's subjective evidence of pain and the effect that his nonexertional limitations have on his residual functional capacity, we vacate the judgment of the district court and remand this case to the district court for further consideration by an ALJ. Upon remand either party may introduce further evidence if so advised.
 
 
 12
 VACATED AND REMANDED.
 
 
 
 *
 The ALJ found that: "claimant has the residual functional capacity to perform ... work except for work that is ... intellectually demanding"; "claimant's residual functional capacity for a full range of light work activity is reduced by ... some emotional problems"; and "claimant's capacity for a full range of sedentary work has not been significantly compromised by his nonexertional limitations." (emphasis added)