54 F.3d 774
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Mary E. REYNOLDS, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
Defendant-Appellee.
 No. 94-2511.
 United States Court of Appeals, Fourth Circuit.
 Submitted: April 28, 1995.
Decided: May 19, 1995.
 
 Rose Anne Cyrus, Huntington, WV, for Appellant. Rebecca A. Betts, United States Attorney, Carol Casto, Assistant United States Attorney, Charleston, WV; Charlotte Hardnett, Chief Counsel, Patricia McEvoy Smith, Assistant Regional Counsel, Philadelphia, PA, for Appellee.
 Before WIDENER and MICHAEL, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Mary Reynolds appeals the denial of her applications for disability insurance benefits and supplemental security income. We conclude that substantial evidence supports decision of the Administrative Law Judge (ALJ); accordingly, we affirm the decision of the Secretary.
 
 
 2
 * Reynolds was forty-one at the time she applied for benefits. She attended school through the eighth grade and received a GED in 1987. Her primary work experience has been a housekeeping job at a hospital from 1974 to 1988, and a job tending the salad bar at a restaurant from September 1990 to April 1991. She left the latter job in an unsuccessful attempt to return to hospital work and has not been employed since.
 
 
 3
 In July 1991, Reynolds was tackled by a policeman during a search of her home. She suffered a fracture dislocation of her right hip. Reynolds was hospitalized for fourteen days and underwent surgery for open reduction and fixation with screws and a buttress plate. It is this injury which she claims makes her unable to work and consequently entitles her to benefits.
 
 II
 
 4
 We review the Secretary's decision to determine whether her factual findings are supported by substantial evidence and whether correct legal standards were applied. See Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir.1990); 42 U.S.C.A. Sec. 405(g) (West Supp.1994). Substantial evidence is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Richardson, 402 U.S. at 401 (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).
 
 
 5
 Under the five-step sequential evaluation process set forth in the regulations, 20 C.F.R. Secs. 404.1520, 416.920 (1994), the ALJ must consider whether the claimant (1) is working (2) has a severe impairment, (3) has an impairment that meets or equals the requirements of a listed impairment, (4) can return to her past work, and (5) if not, whether she can perform other work. Hunter v. Sullivan, 993 F.2d 31, 34-35 (4th Cir.1992). The claimant bears the burden of production and proof through the first four steps. Id. at 35. At the fifth step, the burden shifts to the Secretary to show that other jobs exist in the national economy that the claimant can perform considering her age, education, and work experience. Id.
 
 
 6
 The ALJ found that Reynolds met her burden through the fourth step;* therefore, the burden shifted to the Secretary. The ALJ concluded that, based on the evidence, Reynolds had the residual functional capacity to perform limited sedentary work. He appropriately considered the effect of pain on this capacity. Foster v. Heckler, 780 F.2d 1125, 1128 (4th Cir.1986). Based on a comprehensive hypothetical, the vocational expert identified several jobs in the national economy which, despite her exertional and nonexertional impairments, Reynolds has the ability to perform. See Walker v. Bowen, 889 F.2d 47, 49 (4th Cir.1989). Reynolds challenges the significance of the failure of any doctor to find her disabled. However, the ALJ did not rely only on this fact, but made an independent assessment of all the evidence in concluding that Reynolds had the residual functional capacity for restricted sedentary work. Substantial evidence exists in the record to support the ALJ's conclusion that Reynolds is not under a disability and therefore is not entitled to benefits.
 
 
 7
 In her brief to this court, plaintiff properly expressed the issue as whether substantial evidence supported the decision of the Secretary and whether correct law was applied. Brief, p. 4. Other peripheral issues were mentioned which were not separately raised below. We decline to discuss them separately for the first time on appeal.
 
 
 8
 We affirm the Secretary's decision denying Reynolds benefits. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Reynolds did not have an impairment that met or equaled the requirements of a listed impairment. See 20 C.F.R. Secs. 404.1520(d), 416.920(d) (1994)