**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ROBIN A. SAYRE,
Plaintiff-Appellant,

v.

SHIRLEY S. CHATER, COMMISSIONER OF
SOCIAL SECURITY,
Defendant-Appellee.

No. 95-3080

Appeal from the United States District Court
for the Northern District of West Virginia, at Clarksburg.
David L. Core, Magistrate Judge.
(CA-94-44-CV-1)

Submitted: March 31, 1997

Decided: May 8, 1997

Before WILKINS, HAMILTON, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Mary V. Rehmann, Morgantown, West Virginia, for Appellant. Charlotte Hardnett, Chief Counsel, Region III, Robert S. Drum, Assistant Regional Counsel, Office of General Counsel, DEPARTMENT OF HEALTH AND HUMAN SERVICES, Philadelphia, Pennsylvania; William D. Wilmoth, United States Attorney, Helen Campbell Altmeyer, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Robin A. Sayre appeals the magistrate judge's order affirming the Commissioner's determination that he was not entitled to either Supplemental Security Income or Disability Insurance Benefits. In support of his appeal, Sayre attacks the administrative law judge's (ALJ) determination on several fronts. First, Sayre claims the ALJ failed to apply the proper standards in evaluating Sayre's complaints of pain stemming from the on-the-job back injury which has kept him out of work since 1990 and erred in determining that Sayre was not entirely credible concerning the severity of his pain. Sayre also suggests that the ALJ misapplied the Listing of Impairments regarding affective disorders. 20 C.F.R. § 404 subpart P, app.1, 12.04 (1995). Finally, Sayre claims not only that the ALJ's hypothetical to the vocational expert was insufficient, but also that the expert's testimony was in error and the ALJ should not have credited the conclusions the expert reached. Because we conclude that Sayre's assignments of error are either meritless or waived, we affirm the magistrate judge's order affirming the Commissioner's determination.

Initially, Sayre claims that the ALJ failed to apply the "proper standards" in evaluating his subjective complaints of pain. Although Sayre fails to develop this argument fully, we are satisfied that the ALJ properly evaluated Sayre's condition in light of S.S.R. 90-1p (Cum. Ed. 1990-91) (current version at S.S.R. 95-5p (Cum. Ed. 1995)). Using Sayre's own testimony, the ALJ adequately considered each of the criteria Sayre quotes in his brief. In cases where the claimant alleges a nonexertional impairment, including pain, the claimant must present medical evidence of a condition that could reasonably be expected to produce pain. Objective evidence of pain or its magnitude is not required. Foster v. Heckler, 780 F.2d 1125, 1129 (4th Cir. 1986). If an ALJ finds complaints of pain or the magnitude of pain to be incredible, the ALJ must give specific reasons for the finding.

2

Hammond v. Heckler, 765 F.2d 424, 426 (4th Cir. 1985). Here, Sayre presented considerable medical evidence regarding his back injury, a condition that could reasonably be considered to produce some measure of pain. This is not in dispute.

To discount Sayre's reports of pain, the ALJ relied on the considerable uncertainty in the medical records regarding the source of Sayre's continued pain and instances where treating physicians questioned Sayre's credibility. The ALJ also noted that Sayre's own description of his daily activities to some doctors varied considerably from his testimony at the hearing. We afford the ALJ's finding regarding Sayre's credibility substantial deference and find no reason to disturb them on this record. See Barker v. Shalala, 40 F.3d 789, 795 (6th Cir. 1994). There are sufficiently specific reasons for the ALJ's finding that Sayre's reports of pain were properly characterized as slight impairments. Sayre's assignment of error on this front is meritless.

Similarly, Sayre suggests that the ALJ failed to"properly assess" Sayre's mental capacity and then asks this court to reweigh the evidence. Presumably, Sayre is dissatisfied with the ALJ's application of the Listing of Impairments regarding affective disorders. 20 C.F.R. § 404, subpart P, app. 1, 12.04 (1995); see 20 C.F.R. § 416.969 (1995). As with the conclusion regarding Sayre's physical limitations, ALJ's decision regarding Sayre's mental capacity was amply supported by substantial evidence.

After observing that the evidence showed that Sayre had been diagnosed with depression secondary to his physical problem, the ALJ correctly concluded that Sayre met the "A" requirement of Section 12.04. The ALJ noted, however, that based on the evidence of record, Sayre at best satisfied one of the criteria. In order to qualify as disabled, Section 12.04 mandates that two criteria be met. The ALJ's exhaustive review of Sayre's reported activities provides substantial evidence for his conclusion that Sayre did not satisfy the Listing.

Sayre next contends that the ALJ's hypothetical to the Vocational Expert failed to describe Sayre's condition with sufficient specificity. Sayre has waived this issue because the record before us reflects that he did not present this claim to the magistrate judge in any form. See

3

United States v. One 1971 Mercedes Benz, 542 F.2d 912, 915 (4th Cir. 1976). Similarly, Sayre has waived this court's review of his broadside attack on the vocational expert's testimony. As a general matter, "[i]t is inappropriate for courts reviewing appeals of agency decisions to consider arguments not raised before the administrative agency involved." Pleasant Valley Hosp., Inc. v. Shalala, 32 F.3d 67, 69 (4th Cir. 1994). There is nothing in the record to suggest that Sayre provided either the ALJ or the Appeals Council with the opportunity to consider his challenges to the Vocational Expert's testimony. Consequently, this assignment of error is also waived.

Because Sayre has waived his last two assignments of error, and because the ALJ properly evaluated the evidence and based his decision on substantial evidence, the magistrate judge did not err in declining to disturb the Commissioner's determination. We therefore affirm the magistrate judge's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4