**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

PATSY L. WINKLER,
Plaintiff-Appellant,

v.

No. 96-2732

KENNETH S. APFEL, COMMISSIONER OF
SOCIAL SECURITY,
Defendant-Appellee.

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
H. Brent McKnight, Magistrate Judge.
(CA-95-27-MCK)

Argued: April 8, 1998

Decided: May 29, 1998

Before WILLIAMS, Circuit Judge, PHILLIPS, Senior Circuit Judge,
and G. ROSS ANDERSON, JR., United States District Judge
for the District of South Carolina, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**COUNSEL**: Diane S. Griffin, LAW OFFICE OF DIANE S. GRIF-
FIN, P.C., Boone, North Carolina, for Appellant. Clifford Carson
Marshall, Jr., Assistant United States Attorney, Asheville, North Car-
olina, for Appellee. **ON BRIEF**: Mark T. Calloway, United States
Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Patsy Winkler (Winkler) appeals from the magistrate judge's order.[1] The magistrate affirmed the Commissioner's decision to deny Supplemental Security Income (SSI) to Ms. Winkler. Because substantial evidence supports the Commissioner's decision, we affirm.

I.

Ms. Winkler filed an SSI application on January 13, 1993 due to her alleged disability.[2] The Commissioner denied her application for disability. Her reconsideration of disability was also denied. The hearing was conducted on December 14, 1993.

The ALJ, in a decision dated August 17, 1994, denied the claim. The Appeals Council denied the request for review of the decision by the ALJ and the decision became final. Having exhausted her administrative remedies, Ms. Winkler sought judicial review of the adverse decision in federal court pursuant to 42 U.S.C.§§ 405 and 1383(c)(3). Both parties filed motions for summary judgment. The United States Magistrate granted the Commissioner's motion and denied Ms. Winkler's motion. Ms. Winkler is before us on appeal of the decision of the magistrate.

II.

We must uphold the Commissioner's decision in denying disability

_____

[1] The parties agreed to have a federal magistrate conduct the case pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.
[2] Previously, Ms. Winkler had filed SSI applications in 1989, 1990 and 1991. These applications were all denied and were not appealed past the reconsideration stage.

2

so long as the decision is supported by substantial evidence and in reaching the ultimate conclusions, the correct law was applied. 42 U.S.C. § 405(g) (West Supp. 1996); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence has been defined by our Supreme Court as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is `substantial evidence.'" Hays, 907 F.2d at 1456 (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)). We will not reweigh the evidence or substitute our judgment for that of the Commissioner. Id.

III.

The ALJ concluded that Ms. Winkler suffered from a severe cardiovascular impairment which precluded her from returning to her previous relevant work as a housekeeper. However, her impairments or a combination of her impairments did not equal a listed impairment. Based on the medical evidence, the ALJ concluded that Ms. Winkler retained the capacity to perform a full range of work at a light level. Ms. Winkler contends that substantial evidence did not support the findings by the ALJ.

Ms. Winkler asserts that the ALJ substituted his own medical determination for that of the experts in either the medical or vocational fields. Based on the record before us, there is substantial evidence to uphold the ALJ's decision. The ALJ may not form his own independent opinion on medical issues, however, he can choose to give one experts opinion more weight than another. See McGee v. Bowen, 647 F.Supp. 1238 (N.D. Ill. 1986). We hold that the ALJ properly considered the applicable medical evidence. Further, we find that substantial evidence supports the medical conclusions drawn therefrom.

Next, Ms. Winkler contends that the ALJ did not conduct a proper analysis of her pain. Also, she contends the ALJ used improper testimony in discrediting her when he made his decision about pain.

3

The ALJ has the duty to evaluate pain and its effect in determining one's ability to function. Foster v. Heckler, 780 F.2d 1125 (4th Cir. 1986). We find that the ALJ used the proper law and standards, under Foster, when he conducted his analysis regarding assessment of pain of Ms. Winkler. Id. The ALJ found evidence contrary to Ms. Winkler's assertions. Evidence of her daily activities, her active role in seeking new employment and her chest pains being controlled with calcium channel blockers and nitroglycerin all support the ALJ's decision in his analysis of pain. Further, this evidence was contrary to Ms. Winkler's assertion of disability. We will not second guess the ALJ's credibility determinations. Hays, 907 F.2d at 1456. Based on the record, we find that the ALJ's decision is supported by substantial evidence.

Lastly, Ms. Winkler argues that the ALJ misapplied the medical-vocational guidelines in determining her disability. Ms. Winkler's pain did not rise to a level that significantly limited her ability to perform light level work. This conclusion was supported by substantial evidence. Accordingly, the ALJ properly applied the guidelines.

IV.

Because substantial evidence supports the ALJ's decision, we affirm the magistrate judge's order.

AFFIRMED

4