UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

LORRAINE WRIGHT,
Plaintiff-Appellant,

v.

KENNETH S. APFEL, COMMISSIONER OF
SOCIAL SECURITY,
Defendant-Appellee.

No. 98-1040

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Jillyn K. Schulze, Magistrate Judge.
(CA-97-1151-WMN)

Submitted: July 28, 1998

Decided: September 22, 1998

Before MURNAGHAN and NIEMEYER, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Stephen F. Shea, WILLONER, CALABRESE & ROSEN, P.A., Col-
lege Park, Maryland, for Appellant. James A. Winn, Chief Counsel,
Region III, Patricia M. Smith, Deputy Chief Counsel, Nicholas
Cerulli, Assistant Regional Counsel, Office of the General Counsel,
SOCIAL SECURITY ADMINISTRATION, Philadelphia, Pennsylva-
nia; Lynne A. Battaglia, United States Attorney, Allen F. Loucks,
Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Lorraine Wright appeals from the district court order granting the Commissioner's motion for summary judgment and dismissing her action, and affirming the Commissioner's decision denying disability insurance benefits ("DIB") and supplemental security income ("SSI"). On appeal, Wright alleges that (1) the Commissioner's decision is not supported by substantial evidence; (2) the Administrative Law Judge (ALJ) erroneously determined that Wright had the residual functional capacity to perform the full range of light work, including her past relevant work; (3) the ALJ improperly determined that Wright was not credible; (4) the ALJ failed to properly evaluate Wright's complaints of pain; and (5) the ALJ failed to consider the combination of Wright's ailments. Finding no error, we affirm.

Lorraine Wright has a ninth grade education and vocational experience as a clerk-typist, which required her to walk and stand for most of the day and frequently lift up to 10 pounds. She applied for SSI and DIB in 1992, alleging disability due to back problems, breast cancer, and a right foot-drop. Her applications were denied initially and on reconsideration. An ALJ conducted a hearing on Wright's application on August 31, 1995. Wright was forty-one at the time of the hearing. On January 29, 1996, the ALJ issued a decision finding that Wright had residual capacity to perform light work, which included her former job as a clerk-typist, and therefore she was not disabled and entitled to benefits. Wright requested review of the ALJ's decision by the Appeals Council. The Appeals Council denied Wright's request for review. The ALJ's decision then became the Commissioner's final decision.

Wright filed a complaint in the district court challenging the final decision of the Commissioner. Both parties filed cross motions for summary judgment. By order entered on December 4, 1997, a magis-

2

trate judge granted the Commissioner summary judgment and affirmed the decision of the Commissioner. This appeal followed.

We review the Commissioner's final decision to determine whether it is supported by substantial evidence and whether the correct law was applied. See 42 U.S.C.A. § 405(g) (West Supp. 1997); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "`such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). We do not re-weigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the Commissioner. See Hays, 907 F.2d at 1456. It is the duty of the ALJ, not the courts, to make findings of fact and to resolve conflicts in the evidence. See id.

In reaching his decision, the ALJ applied the sequential five step analysis found at 20 C.F.R. § 404.1520 (1997). Under this process, the ALJ considers sequentially whether Wright: (1) is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether that impairment meets or equals medical criteria warranting a finding of disability without considering vocational factors; (4) if not, whether the impairment prevents her from performing her past relevant work; and (5) if so, the burden shifts to the Commissioner to determine whether she can perform other work. See Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981).

At step one, the ALJ first found that Wright has not engaged in substantial gainful activity since the date of the alleged onset of disability, September 1, 1992. The ALJ further found, at step two, that Wright has a severe impairment because she suffers from back pain, pes planus, and she is status post right breast mastectomy, which prevents her from doing basic work-related activities. The ALJ, however, concluded at step three that the evidence did not demonstrate that Wright's impairments, considered individually or in combination, were of sufficient severity to meet any of the Listed Impairments set forth in 20 C.F.R. pt. 404, subpt. P., app. 1. At the fourth step, the ALJ found that Wright's impairments did not prevent her from performing her past relevant work, which was light work. The ALJ con-

3

cluded that Wright had a residual capacity for a full range of light work, and therefore that she was not "disabled."

On appeal, Wright first contends that the ALJ erred in finding that she could perform light work. Under the regulations,"light work" is defined as lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds. See 20 C.F.R. §§ 404.1567(b), 416.967(b) (1997). It also includes a good deal of walking or standing, or sitting most of the time with some pushing and pulling of the arm or leg controls. See id. Wright maintains that in reaching his conclusion, the ALJ failed to consider her cancer, L5 radiculopathy, pes planus, and foot drop. The record discloses that the ALJ considered the reports of Dr. Dennis, Wright's treating oncologist, stating that her condition did not have any effect on her physical or mental ability to perform work-related activities. Furthermore, although Wright claimed intermittent back pain, examinations did not reveal significant problems with her gait and the range of motion of her back was within normal limits. Wright's treating neurologist, Dr. Lightfoote, noted no neurological deficits and diagnostic tests revealed no abnormalities. Wright herself maintained that her foot pain improved with the use of orthopaedic shoes. We therefore find substantial evidence in the record supporting the ALJ's conclusion that Wright is capable of performing light work.

Wright asserts that the ALJ failed to give due weight to the opinions of two other physicians, Dr. Garmon and Dr. Henderson. The ALJ properly accorded great weight to Wright's treating physicians, Drs. Dennis and Lightfoote, regarding their assessment of Wright's physical limitations. See Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). We first note that Dr. Garmon only examined Wright once, and Dr. Henderson's opinion, as a chiropractor, cannot serve as medical evidence. See 20 C.F.R. §§ 404.1513, 416.913 (1997). Furthermore, although Drs. Garmon and Henderson treated Wright, the ALJ was entitled to disregard their opinions in the face of persuasive contradictory evidence. See Smith v. Schweiker , 795 F.2d 343, 345-46 (4th Cir. 1986).

Wright next alleges that the ALJ did not give proper weight to her complaints of pain and did not properly assess her credibility. Once medical evidence is produced supporting the existence of a condition

4

that could reasonably produce pain, the Commissioner must assess the effect of pain on the claimant's residual functional capacity. See Foster v. Heckler, 780 F.2d 1125, 1129 (4th Cir. 1986). Evidence of a claimant's activities as affected by the pain is relevant to the severity of the impairment. See Craig v. Chater, 76 F.3d 585, 595 (4th Cir. 1996). An ALJ's assessment of a claimant's credibility regarding the severity of pain is entitled to great weight when it is supported by the record. See Shively v. Heckler, 739 F.2d 987, 989-90 (4th Cir. 1984). The ALJ's report clearly demonstrates that he considered the opinion of Wright's physicians, her medical history, her treatments and medications, and her own subjective claims regarding her pain. In fact, she herself stated that her daily activities had not significantly changed since the onset of her alleged disability. See Mickles v. Shalala, 29 F.3d 918, 921 (4th Cir. 1994). We therefore find no merit to Wright's contention that the ALJ did not give proper consideration to her pain and did not properly assess her credibility.

Similarly, we find Wright's contention that the ALJ failed to consider the combination of her impairments without merit. As noted by the magistrate judge, in this case the ALJ considered Wright's cancer, surgery, chemotherapy, nausea and vomiting, skin rash, gait, complaints of back and foot pain, diagnosis of bilateral pes planus deformity and foot drop, her lumbar spine, brain scan, abdominal pain, headaches, and evidence of motor deficiencies.

We accordingly affirm the magistrate judge's decision. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5