UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

IRA B. KEARSE,

*Plaintiff-Appellant,*

v.

LARRY G. MASSANARI, Acting
Commissioner of Social Security,

*Defendant-Appellee.*

No. 03-1009

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Patrick Michael Duffy, District Judge.
(CA-01-2521-3-23)

Submitted: June 17, 2003

Decided: August 26, 2003

Before WIDENER and LUTTIG, Circuit Judges,
and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Ronald A. Hightower, HIGHTOWER LAW FIRM, Lexington, South
Carolina, for Appellant. Robert D. McCallum, Jr., Assistant Attorney
General, J. Strom Thurmond, Jr., United States Attorney, John B.
Grimball, Assistant United States Attorney, Yvette G. Keesee,
Regional Chief Counsel, Region VIII, Bonnie E. Sims, Assistant
Regional Counsel, Office of the General Counsel, SOCIAL SECUR-
ITY ADMINISTRATION, Denver, Colorado, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Ira B. Kearse appeals the district court's order rejecting the magistrate judge's recommendation to reverse the Commissioner's decision and remand, instead affirming the Commissioner's denial of social security disability and supplemental security income benefits. We affirm.

Kearse makes the following arguments: (1) the ALJ erred in his weighing of the medical evidence; (2) the ALJ erred in his credibility determination; and (3) the ALJ presented an inaccurate and/or incomplete hypothetical to the vocational expert.

We must uphold the district court's disability determination if it is supported by substantial evidence. *See* 42 U.S.C. § 405(g) (2000); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Contrary to Kearse's argument, the ALJ properly discredited the disability determination of Carey A. Washington, Ph.D. The medical source opinion regulations indicate that the more consistent an opinion is with the record as a whole, the more weight the Commissioner will give it. *See* 20 C.F.R. §§ 404.1527(d), 416.927(d) (2000). The record reveals that the other medical sources opined that, although Kearse experienced various limitations, he still was able to perform various functions, including, inter alia, understanding, remembering, and carrying out simple instructions. Moreover, Kearse's activities of daily living contradict Washington's disability determination. In particular, Kearse testified that he was able to cut wood, mow grass, and occasionally shop. Likewise, Franklin J. Klohn, Jr., Ph.D., a state agency psychologist, found that Kearse could take care of personal tasks such as making a bed, sweeping, mopping, mixing, cooking, straightening his room, and cleaning house. Thus, we find that the ALJ did not err by discrediting Washington's disability determination.

Next, Kearse argues that the ALJ made an improper credibility determination regarding his allegations of pain. Again, we find that this argument fails. In evaluating a claim of pain, the ALJ should determine whether the claimant has produced evidence of a condition that could be expected to produce the pain alleged. *See Craig v. Chater*, 76 F.3d 585, 594-96 (4th Cir. 1996). Once medical evidence is produced supporting the existence of a condition that could reasonably produce pain, the Commissioner must assess the effect of pain on the claimant's residual functional capacity. *See Foster v. Heckler*, 780 F.2d 1125, 1129 (4th Cir. 1986). Evidence of a claimant's activities as affected by the pain is relevant to the severity of the impairment. *See Craig*, 76 F.3d at 595. An ALJ's assessment of a claimant's credibility regarding the severity of pain is entitled to great weight when it is supported by the record. *See Shively v. Heckler*, 739 F.2d 987, 989-90 (4th Cir. 1984).

In reaching his credibility determination, The ALJ found that although Kearse suffered from impairments that could cause some of the alleged symptoms, the objective medical evidence did not support the alleged severity. An extensive analysis of the objective medical evidence revealed that Kearse did not begin to complain of headaches until after filing his disability applications. Furthermore, there is no objective evidence in the record to support such complaints. Moreover, although Kearse testified that he had to be hospitalized approximately twice a year for such headaches, there is no such supporting documentation contained in the record. Kearse noted several times that he either took no prescription medication, or only samples that he received from the hospital. Instead, the record reveals that he took only Tylenol and Motrin for pain. *See Shively*, 739 F.2d at 989-90 (upholding the ALJ's finding that claimant's pain was not as severe as he alleged based partly on the prescribed medications of record).

Additionally, several inconsistent statements by Kearse are contained in the record, including statements regarding his education, hospitalizations due to severe headaches, and the reason he stopped working in 1989. Moreover, Kearse's activities of daily living, as previously described, do not support his subjective allegations. Thus, we find that the ALJ properly evaluated Kearse's credibility.

Lastly, Kearse argues that the ALJ erred by posing an incomplete and/or inaccurate hypothetical to the vocational expert. We disagree.

This court held in *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989), that in order for a vocational expert's opinion to be relevant or helpful, it must be based upon a consideration of all the evidence of record, and it must be in response to proper hypothetical questions that fairly set out all the claimant's impairments. The ALJ's decision reveals that he considered all relevant evidence, including Kearse's testimony, the objective medical evidence of record, and the findings of the state agency physicians and psychologists. Moreover, the ALJ's hypothetical encompassed all of Kearse's impairments.

Although the record reveals that Kearse clearly suffers from deficiencies of concentration as a result of a gunshot wound, substantial evidence supports a finding that these deficiencies do not significantly limit his ability to work. For instance, two state agency psychologists, Martha Westrope, Ph.D., and Larry Clanton, Ph.D., agree that although Kearse "often" suffers from deficiencies of concentration, persistence, or pace, he, nonetheless, is not significantly limited in his ability to perform work-related tasks. Likewise, both Westrope and Clanton agree that Kearse retains the ability to carry out short, simple instructions. Moreover, Klohn evaluated Kearse's motivation, concentration, and ability to remain on task, finding it to be "adequate." Finally, while Washington noted that Kearse had difficulty maintaining concentration and alertness, he did not elaborate on the degree to which these problems would limit Kearse's ability to work. Moreover, Washington's opinion was properly rejected by the ALJ. Thus, we find that the ALJ's hypothetical, which asked the vocational expert to assume an individual "who can maintain attention and concentration and work at an adequate pace," is supported by substantial evidence of record.

Accordingly, we affirm the district court's order denying benefits. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*