**Garland JENKINS, Plaintiff–Appellant,**

v.

**Louis W. SULLIVAN, Secretary, Department of Health and Human Services, Defendant–Appellee.**

**No. 88–3213.**

United States Court of Appeals, Fourth Circuit.

Argued May 10, 1989.

Decided Jan. 2, 1990.

Lee Edward Wilder (Rutter & Montagna, on brief) for plaintiff-appellant.

William Brian Reeser, Asst. Regional Counsel (Beverly Dennis, III, Chief Counsel, Region III); Charlotte Hardnett, Chief, Social Sec. Litigation Div., Office of the Gen. Counsel, Department of Health & Human Services, Henry E. Hudson, U.S. Atty., and Raymond A. Jackson, Asst. U.S. Atty., on brief) for defendant-appellee.

Before WIDENER and WILKINS, Circuit Judges, and TURK, Chief United States District Judge for the Western District of Virginia, sitting by designation.

WIDENER, Circuit Judge:

This case comes to us on appeal for a second time from the district court's affirmance of the Secretary's denial of disability benefits. We vacate and order an award of benefits.

Garland Jenkins, who was 45 years old at the time of his first hearing, was last employed as a laborer at a grain receiving warehouse. Jenkins never completed the first grade and cannot read or write. His work history consists solely of unskilled laboring jobs. On July 30, 1982, he fractured his left tibia at work; he was admitted to surgery the same day. Despite the operation, Jenkins still complains of pain in his leg since the accident; and x-rays reveal that Jenkins has undergone some degeneration of the lumbar spine. Jenkins claims he is disabled and, thus, entitled to benefits.

At Jenkins' first hearing, the administrative law judge applied the grids found in 20 C.F.R. Part 404, subpart P, Appendix 2, and determined that the grids required a finding that Jenkins was not disabled. The ALJ also discredited Jenkins' testimony on pain based partially on his observation that Jenkins did not seem to be in any discomfort during the hearing, and partially on his conclusion that Jenkins' physical condition did not support the claim of pain. The Appeals Council upheld the ALJ's decision, as did the district court.

■ A panel of this court vacated and remanded the case to the Secretary. *Jenkins v. Bowen*, No. 86–3969 (4th Cir. May 18, 1987) (unpublished), 819 F.2d 1138 (table). We found that the ALJ failed to apply the proper standard for evaluating a claim of disabling pain. The ALJ also erred, we held, by engaging in so-called "sit and squirm jurisprudence" based on his observations of Jenkins at the hearing and by failing to require the Secretary to bear the burden of producing vocational evidence of non-disability.

On remand, the ALJ once again determined that Jenkins is not disabled and denied benefits. The ALJ found that Jenkins suffered from "the residuals of an ankle injury, degenerative disc disease, hypertension and gastritis." He again discredited Jenkins' claim of disabling pain and held that none of these impairments, when considered alone or in combination, met or was equivalent to the criteria for disability as set out in the listing of impairments. The ALJ held that Jenkins was capable of performing a full range of medium work. On appeal, the Benefits Review Board and the district court upheld the Secretary's denial of benefits.

■ Jenkins claims the ALJ improperly evaluated his complaints of pain again. We agree. The standard for evaluating disabling pain was recently adopted by Congress in the Social Security Disability Benefits Reform Act of 1984. The standard reads:

An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all evidence required to be furnished under this paragraph (including statements of the individual or his physician as to the intensity and persistence of such pain or other symptoms which may reasonably be accepted as consistent with the medical signs and findings), would lead to a conclusion that the individual is under a disability. Objective medical evidence of pain or other symptoms established by medically acceptable clinical or laboratory techniques (for example, deteriorating nerve or muscle tissue) must be considered in reaching a conclusion as to whether the individual is under a disability.

42 U.S.C. § 423(d)(5)(A) (West Supp.1989). First in *Foster v. Heckler*, 780 F.2d 1125, 1129 (4th Cir.1986), and more recently in *Walker v. Bowen*, 876 F.2d 1097, 1099 (4th Cir.1989), this court has interpreted this statute as requiring a claimant to show objective medical evidence of some condition that could reasonably be expected to produce the pain alleged, not objective medical evidence of the pain itself.

In *Foster*, the ALJ recommended denial of benefits because "the treating physician failed to make a *specific* finding that Foster's physical condition would result in the *degree* of pain alleged." *Foster*, 780 F.2d at 1129 (italics in original). This court held that the ALJ's finding went beyond the standard required in the Disability Reform Act, and, thus, was error. We held that Foster's testimony of the extent and effect of his pain, supported by objective medical findings of a condition which could produce this pain, was sufficient for a finding of disabling pain. *Foster*, 780 F.2d at 1129–30.

As we decided in our earlier opinion in this case, Jenkins' complaints of pain have

been medically documented. Furthermore, the ALJ found the existence of at least two conditions—the ankle injury and degenerative disc disease—which reasonably could be expected to produce this pain. Nevertheless, in considering Jenkins' claims of disabling pain, the ALJ stated:

> The claimant has testified to the existence of pain, in fact, it appears that he is primarily alleging disability based upon his pain. There is no doubt that pain can be disabling. However, allegations of pain in and of themselves are not binding upon the Administration, and the undersigned has the duty to weigh the credibility of the claimant's testimony in light of the evidence as a whole. In the case at hand, there has been no showing of physical debilitation, impairment of general nutrition, or other physical factors that normally accompany severe pain. His allegations of musculoskeletal problems have not been accompanied by findings of heat, swelling, redness, or effusion, except with regards to isolated episodes of synovitis of his left ankle. In addition, there is no indication in the record or at any of the hearings that the claimant's concentration has been impaired due to chronic discomfort.... The undersigned finds it hard to believe that pain, which is of such magnitude and of such a chronic nature as to be disabling, would not result in more objective findings than are indicated in the record.

This excerpt demonstrates that the ALJ erred by recommending a denial of benefits based on the lack of "objective findings" of the degree of pain alleged by Jenkins, the same conditions which occasioned our reversal in *Foster*. Furthermore, his finding is contrary to this court's previous order to evaluate Jenkins' nonexertional limitations according to the proper standard.

Dr. George Pratt, the vocational expert called on remand, testified that if Jenkins' complaints of pain were credible, he could no longer be expected to perform his past heavy exertional work. Neither, said Dr. Pratt, because of the pain could he perform light or medium work. Dr. Pratt also testified that because of Jenkins' inability to read or write he would be unable to do unskilled light or medium work. Dr. Pratt stated that Jenkins' illiteracy would "relegate him to the type of work that he has probably done in the past, that of being able to—to lift and walk and sustain movement." And further, "... activities which would require significant exertional levels."

Despite our directions on remand not to rely on the grids found in 20 C.F.R., Part 404, subpart P, Appendix 2, to find disability, but to take (and implicitly to rely upon) vocational evidence, the Secretary, nevertheless, made his finding of no disability on the basis of the grids as before. Additionally, although the opportunity was available to take additional evidence from physicians as to whether or not the conditions appertaining would reasonably be expected to produce the pain alleged, the ALJ analyzed the existing evidence himself little differently than he had before and found, as we have previously recited, that, in his opinion, there were no specific physical findings to support the degree of pain alleged.

Jenkins' complaints of pain are well documented, as we have previously decided. In view of the Secretary's disinclination to make any further factual development of the pain question as well as the vocational testimony which we have referred to and which is already in the record, we are of opinion that further hearings in this case would be without value.

The judgment of the district court appealed from is accordingly vacated and the case is remanded to the district court for further remand to the Secretary, with directions to award benefits.

VACATED AND REMANDED WITH INSTRUCTIONS.