930 F.2d 913
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Earnest L. MEADOWS, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 90-3159.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 12, 1991.
Decided April 19, 1991.
 
 Appeal from the United States District Court for the Western District of Virginia, at Abingdon. Cynthia D. Kinser, Magistrate Judge. (CA-88-259-A)
 Earnest L. Meadows, appellant pro se.
 Ray Burton Fitzgerald, Jr., Office of the United States Attorney, Roanoke, Va., Steven Mitchell Walker, United States Department of Health & Human Services, Philadelphia, Pa., for appellee.
 W.D.Va.
 VACATED AND REMANDED.
 Before K.K. HALL, PHILLIPS and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Earnest L. Meadows appeals from an order of the district court affirming the Secretary's denial of his claim for disability insurance benefits and supplemental security income, brought pursuant to the Social Security Act, 42 U.S.C. Sec. 416(i) and 423. Because we conclude that the Secretary erred in his evaluation of Meadows's disability, we vacate the judgment of the district court and remand the case with instructions to return it to the Secretary for further proceedings.
 
 I.
 
 2
 Meadows filed an application for disability insurance benefits and supplemental security income on February 24, 1987. In his claim for benefits, Meadows asserted that his disability commenced on December 31, 1985, as a result of back problems and black lung disease. His application was denied initially and upon reconsideration. Thereafter, he requested a hearing before an Administrative Law Judge (ALJ), which was conducted on December 1, 1987.
 
 
 3
 At the hearing, Meadows established through medical evidence and his own testimony that he suffers from chronic obstructive pulmonary disease with coal worker's pneumoconiosis (black lung disease), hypertension, and low back syndrome. Meadows testified that his major medical problem is his lower back, that this condition causes constant pain, whether sitting or standing, and that medication does not completely relieve the pain.
 
 
 4
 Notwithstanding these impairments, the ALJ found that although Meadows could not return to his past relevant coal mining work, he could perform light and sedentary work limited only by his inability to be exposed to dust or fumes and, thus, was not under a disability as defined in the statute. The ALJ's decision was approved by the Appeals Council on August 17, 1988, thereby becoming the final decision of the Secretary. Meadows filed this action in district court seeking judicial review of the Secretary's decision. The district court concluded that the Secretary's denial of benefits was based on substantial evidence and granted the Secretary's motion for summary judgment.
 
 II.
 
 5
 Judicial review of a denial of disability benefits under the Social Security Act is limited to determining whether the findings of the Secretary are supported by substantial evidence. Laws v. Celebrezze, 368 F.2d 640 (4th Cir.1966). Substantial evidence is defined as that "which a reasoning mind would accept as sufficient to support a particular conclusion." Id. at 642. In order to establish eligibility for disability benefits, a claimant must prove that he is unable to perform his previous work. See McLain v. Schweiker, 715 F.2d 866 (4th Cir.1983). The burden then shifts to the Secretary to show that the claimant "has sufficient residual functional capacity to engage in an alternative job existing in the national economy." Id. at 869.
 
 
 6
 Our finding that substantial evidence does not support the Secretary's decision is based on the ALJ's failure to consider Meadows's claim of disabling pain. When evaluating complaints of pain, the claimant must show objective medical evidence of a condition that could reasonably produce the pain alleged. 42 U.S.C. Sec. 423(d)(5)(A). This Court has held that the claimant is not required to produce objective medical evidence of the pain itself. Jenkins v. Sullivan, 906 F.2d 107, 108 (4th Cir.1990); Walker v. Bowen, 876 F.2d 1097, 1099 (4th Cir.1989).
 
 
 7
 Once it is established that a claimant suffers from a medical condition that can produce pain, the ALJ's responsibility is to evaluate the effect of pain on the claimant's residual functional capacity. Foster v. Heckler, 780 F.2d 1125, 1130 (4th Cir.1986). We have held that the ALJ must make credibility determinations about allegations of pain and that the ALJ's decision should refer specifically to the evidence informing his conclusion. Hammond v. Heckler, 765 F.2d 424, 426 (4th Cir.1985). Meadows presented objective evidence of a medical condition that could reasonably cause pain. At the hearing, he testified that his major medical problem is his lower back and that it caused him constant pain. However, the ALJ failed to address the issue of pain altogether in his decision, only briefly referring to Meadows's low back problem. Although a vocational expert testified that Meadows is able to perform certain light and sedentary jobs, his testimony was based on the improper assumption (provided by the ALJ) that the only restriction on Meadows's ability to work is that he must avoid dust and fumes. In Walker v. Bowen, supra, this Court held:
 
 
 8
 The purpose of bringing in a vocational expert is to assist the ALJ in determining whether there is work available in the national economy which this particular claimant can perform. In order for a vocational expert's opinion to be relevant or helpful, it must be based upon a consideration of all other evidence in the record and it must be in response to proper hypothetical questions which fairly set out all of claimant's impairments.
 
 
 9
 876 F.2d at 1100 (citation omitted).
 
 III.
 
 10
 Even if the ALJ had not erred in his handling of Meadows's testimony of pain, we would find it necessary to remand this case because of new evidence submitted by Meadows to the district court. This evidence includes two medical reports, both prepared after the hearing before the ALJ. One report indicates "evidence of degenerative disc disease" and a "herniated disc." The other report confirms the herniated disc and states that Meadows is "unable to perform in any gainful employment due to low back problem."
 
 
 11
 To remand this case to the Secretary on the basis of new evidence, Meadows must establish that (1) the evidence was "relevant to the determination of disability at the time the application was first filed and not merely cumulative," Mitchell v. Schweiker, 699 F.2d 185, 188 (4th Cir.1983); (2) the Secretary's decision "might reasonably have been different" had he had this new evidence, King v. Califano, 599 F.2d 597, 599 (4th Cir.1979); Sims v. Harris, 631 F.2d 26, 28 (4th Cir.1980); (3) he had good cause for not submitting the evidence when the claim was before the Secretary, 42 U.S.C. Sec. 405(g); and (4) he must make "at least a general showing of the nature" of the new evidence to the reviewing court, King, 599 F.2d at 599. Borders v. Heckler, 777 F.2d 954, 955 (4th Cir.1985).
 
 
 12
 The medical reports submitted by Meadows meet our prerequisites for remand. This evidence is consistent with, and relevant to, Meadows's continued complaints of low back pain both in his application for benefits and in his testimony at the hearing. See Kemp v. Weinberger, 522 F.2d 967, 969 (9th Cir.1975) (remand necessary where new evidence reveals claimant's present condition is result of degenerative process). The Secretary's decision might reasonably have been different had the new evidence been before him because it provides additional objective evidence of Meadows's complaints of pain. Because the reports were not prepared until after the hearing, the evidence could not have been submitted when the claim was before the Secretary. Last, Meadows clearly provided "at least a general showing of the nature" of the new evidence.
 
 
 13
 Because we "may not grant disability benefits on the basis of newly discovered evidence," Mitchell, supra, at 188, and because the ALJ failed to properly consider Meadows's subjective evidence of pain, we vacate the judgment of the district court and remand this case to the ALJ for further consideration of Meadows's claim in light of his testimony of pain and the new evidence presented to the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid the decision process.
 
 
 14
 VACATED AND REMANDED.