960 F.2d 147
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Brenda B. SMITH, Plaintiff-Appellant,
v.
U.S. DEPARTMENT OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 91-2249.
 United States Court of Appeals,
Fourth Circuit.
 Argued: March 3, 1992
Decided: April 21, 1992
 
 Before WIDENER and HALL, Circuit Judges, and MACKENZIE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 ARGUED: George Lawrence Fitzgerald, Charlotte, North Carolina, for Appellant.
 Richard Hugh Fox, Office of the General Counsel, Department of Health and Human Services, Baltimore, Maryland, for Appellee.
 ON BRIEF: Donald A. Gonya, Chief Counsel for Social Security, Randolph W. Gaines, Deputy Chief Counsel for Social Security, A. George Lowe, Deputy Associate General Counsel for Disability Litigation, Office of the General Counsel, Department of Health and Human Services, Baltimore, Maryland; E. Bart Daniel, United States Attorney, James D. McCoy, III, Assistant United States Attorney, Greenville, South Carolina, for Appellee.
 OPINION
 PER CURIAM:
 
 
 1
 Brenda Smith appeals the denial of her claim for social security disability benefits. Because we conclude that the Secretary's decision is supported by substantial evidence, we affirm.
 
 I.
 
 2
 Appellant Brenda Smith suffered fractures of both kneecaps in an automobile accident on February 25, 1985. At the time, she was thirty-six years old, had a seventh-grade education, and had worked for several years as a sewing-machine operator. She has not worked since. She has undergone several knee operations and complains of severe knee pain.
 
 
 3
 On August 3, 1987, Smith filed this application (her third) for disability insurance benefits.[1] The claim was denied initially and on reconsideration; Smith then requested a hearing before an administrative law judge (ALJ). After a hearing, the ALJ issued a decision denying benefits on January 29, 1988. On Smith's request for review, the Appeals Council remanded the case to the ALJ for additional factfinding. Another hearing was held, and on January 30, 1989, the ALJ again decided that the claim should be denied. This time the Appeals Council denied review, and the ALJ's decision stood as the final decision of the Secretary.
 
 
 4
 Smith filed suit in district court on May 26, 1989, for review of the Secretary's final order. The case was referred to a magistrate, who recommended affirmance. The district court adopted the recommendation on October 2, 1991. Smith appeals.
 
 II.
 
 5
 The decision of the Secretary must be affirmed if it is supported by substantial evidence. 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389 (1971).
 
 
 6
 This claim was denied at the final step of the Secretary's five-step procedure for evaluating disability claims. See 20 C.F.R. § 404.1520. The ALJ found that (1) Smith was not engaged in substantial gainful activity and (2) had a severe impairment that (3) did not meet or equal a listed impairment. Though this impairment (4) prevented Smith from performing her past relevant work, Smith had (5) the residual functional capacity to perform work available in substantial numbers in the economy.
 
 
 7
 A vocational expert testified that, even with Smith's work limitations-moderate pain,[2] no climbing, no operation of foot controls, no bending or stooping, and need for a sitting/standing option-there exist jobs in significant numbers in the area (Charlotte, North Carolina, metropolitan area) that Smith could perform. He cited examples: food packaging, dental or optical lab technician, and computer board assembly.
 
 
 8
 The best medical evidence in favor of the claimant was the written opinion of her treating physician, Dr. Gregory, that she was "disabled." Though the ALJ acknowledged that the opinion of a treating physician is entitled to "great weight," he found it not dispositive. The ALJ's reasoning is sound. When Dr. Gregory gave the disability opinion, on December 22, 1987, Smith's long complaints of pain had convinced him that she was suffering from severe degenerative arthritis of the left knee. In October, 1988, Gregory finally scheduled surgery to remove the left patella. To his surprise,
 
 
 9
 The patella was elevated and there was a remarkable lack of degenerative changes over the articular surfaces. The articular surface of the medial facet and the medial aspect of the lateral facet felt entirely intact. There was some lipping of the lateral facet and it was decided not to do a patellectomy[.] I just could not justify doing [the patellectomy] with the patella and femoral condylar surface so remarkably free of arthritis.
 
 
 10
 Ironically, Smith's hearing before the ALJ had been continued because of a scheduling conflict with this surgery. Her claim may have had a better chance if Dr. Gregory had not discovered the "remarkable" lack of degeneration in her knee.
 
 
 11
 In short, the Secretary's decision is supported by substantial evidence, and must therefore be affirmed.
 
 AFFIRMED
 
 
 [1]
 Smith's prior claims had been denied, and she had not requested review of the denials. Absent reopening of those claims, administrative res judicata establishes that she was not disabled at least as of the date of the second denial-November 26, 1986. Smith's insured status lasted until June 30, 1988, however, so she is eligible for benefits if she became disabled before that date
 
 
 [2]
 The ALJ found not credible the claimant's testimony about the severity of her pain. There is ample support for this finding in the record, including the exaggerations in other aspects of Smith's testimony cited by the ALJ. We do caution, however, that we adhere to our rule that an ALJ's personal opinion as to disability based on his own observation of the claimant-the "sit and squirm" test-is not substantial evidence to support a denial (or an award for that matter) of benefits. Jenkins v. Sullivan, 906 F.2d 107 (4th Cir. 1990). Therefore, our affirmance of the Secretary's decision should not be construed to endorse language in the ALJ's opinion referring to his personal observation of the claimant