Carolyn W. CARR, Plaintiff,

v.

Linda S. McMAHON, Acting Commissioner of Social Security, Defendant.

Civil Action No. 06–G–0445–E.

United States District Court, N.D. Alabama, Eastern Division.

Feb. 12, 2007.

Melissa Boles Horner, Timothy Harper Zanaty, R.D. Pitts & Associates PC, Birmingham, AL, for Plaintiff.

Lane H. Woodke, U.S. Attorney's Office, Birmingham, AL, Sherri G. James, Social Security Administration–Office of General Counsel, Atlanta, GA, for Defendant.

## MEMORANDUM OPINION

GUIN, District Judge.

The plaintiff, Carolyn W. Carr, brings this action pursuant to the provisions of

section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying her application for Social Security benefits. Plaintiff timely pursued and exhausted her administrative remedies available before the Commissioner. Accordingly, this case is now ripe for judicial review under 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.1983). To that end this court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth*, at 1239 (citations omitted). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Bloodsworth*, at 1239.

## STATUTORY AND REGULATORY FRAMEWORK

In order to qualify for disability benefits and to establish her entitlement for a period of disability, a claimant must be disabled. The Act defines disabled as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months...." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(I). For the purposes of establishing entitlement to disability benefits, physical or mental impairment is defined as "an impairment that results from anatomical,

physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

In determining whether a claimant is disabled, Social Security regulations outline a five-step sequential process. 20 C.F.R. § 404.1520(a)-(f). The Commissioner must determine in sequence:

(1) whether the claimant is currently employed;

(2) whether she has a severe impairment;

(3) whether her impairment meets or equals one listed by the Secretary;

(4) whether the claimant can perform her past work; and

(5) whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir.1993); *accord McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir.1986). "Once the claimant has satisfied Steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her past work, the burden shifts to the Secretary to show that the claimant can perform some other job." *Pope* at 477; *accord Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir.1995). The Commissioner further bears the burden of showing that such work exists in the national economy in significant numbers. *Id.*

In the instant case, ALJ Michael L. Brownfield determined the plaintiff met the first two tests, but concluded that while she has an impairment or impairments considered "severe," she did not suffer from a listed impairment. The ALJ found the plaintiff unable to perform her past relevant work. Once it is determined that the plaintiff cannot return to her prior work, "the burden shifts to the [Commis-

sioner] to show other work the claimant can do." *Foote*, at 1559. Furthermore, when, as is the case here, a claimant is not able to perform the full range of work at a particular exertional level, the Commissioner may not exclusively rely on the Medical–Vocational Guidelines (the grids). *Foote*, at 1558–59. The presence of a non-exertional impairment, pain, also prevents exclusive reliance on the grids. *Foote*, at 1559. In such cases "the [Commissioner] must seek expert vocational testimony." *Foote*, at 1559.

## THE STANDARD WHEN THE CLAIMANT TESTIFIES SHE SUFFERS FROM DISABLING PAIN

▬ In this circuit, "a three part 'pain standard' [is applied] when a claimant seeks to establish disability through his or her own testimony of pain or other subjective symptoms." *Foote*, at 1560.

The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

*Foote*, at 1560 (quoting *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir.1991)). In this circuit medical evidence of pain itself, or of its intensity, is not required.

While both the regulations and the *Hand* standard require objective medical evidence of a condition that could reasonably be expected to cause the pain alleged, *neither requires objective proof of the pain itself.* Thus under both the regulations and the first (objectively identifiable condition) and third (reasonably expected to cause pain alleged) parts of the *Hand* standard *a claimant who can show that his condition could reasonably be expected to give rise to the pain he alleges has established a claim*

*of disability and is not required to produce additional, objective proof of the pain itself. See* 20 CFR §§ 404.1529 and 416.929; *Hale* at 1011.

*Elam v. Railroad Retirement Bd.*, 921 F.2d 1210, 1215 (11th Cir.1991) (parenthetical information omitted) (emphasis added). Furthermore, it must be kept in mind that "[a] claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." *Foote* at 1561. Therefore, if a claimant testifies to disabling pain and satisfies the three part pain standard, she must be found disabled unless that testimony is properly discredited.

▬ When the Commissioner fails to credit a claimant's pain testimony, he must articulate reasons for that decision.

It is established in this circuit that if the Secretary fails to articulate reasons for refusing to credit a claimant's subjective pain testimony, then the Secretary, as a matter of law, has accepted that testimony as true. Implicit in this rule is the requirement that such articulation of reasons by the Secretary be supported by substantial evidence.

*Hale v. Bowen*, 831 F.2d 1007, 1012 (11th Cir.1987). Therefore, if the ALJ either fails to articulate reasons for refusing to credit the plaintiff's pain testimony, or if his reasons are not supported by substantial evidence, the pain testimony of the plaintiff must be accepted as true.

## THE STANDARD FOR REJECTING THE TESTIMONY OF A TREATING PHYSICIAN

▬ As the Sixth Circuit has noted: "It is firmly established that the medical opinion of a treating physician must be accorded greater weight than those of physicians employed by the government to defend against a disability claim." *Hall v.*

*Bowen*, 837 F.2d 272, 276 (6th Cir.1988). "The testimony of a treating physician must ordinarily be given substantial or considerable weight unless good cause is shown to the contrary." *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986); *accord Elam v. Railroad Retirement Bd.*, 921 F.2d 1210, 1216 (11th Cir. 1991). In addition, the Commissioner "must specify what weight is given to a treating physician's opinion and any reason for giving it no weight. . . ." *MacGregor*, 786 F.2d at 1053. If the Commissioner ignores or fails to properly refute a treating physician's testimony, as a matter of law that testimony must be accepted as true. *MacGregor*, 786 F.2d at 1053; *Elam*, 921 F.2d at 1216. The Commissioner's reasons for refusing to credit a claimant's treating physician must be supported by substantial evidence. *See MacGregor*, 786 F.2d at 1054; *cf. Hale v. Bowen*, 831 F.2d 1007, 1012 (11th Cir.1987)(articulation of reasons for not crediting a claimant's subjective pain testimony must be supported by substantial evidence).

## DISCUSSION

The plaintiff testified that she is unable to work because of constant severe back pain which results in her being unable to sit or stand for any lengthy amount of time. [R 231, 233]. The vocational expert (VE) testified that if the plaintiff suffers from the pain she describes, she would not "have the endurance necessary to maintain any type of persistence, pace, or work attendance necessary to competitive employment, due to the necessity for lie down and the inability to focus or concentrate." [R 240].

The ALJ found that the plaintiff's "testimony of disabling pain and functional restrictions is disproportionate to the objective medical evidence." [R 18]. "The record," the ALJ stated, "does not contain objective signs and findings that could reasonably be expected to produce the degree and intensity of pain and limitations alleged. There are no diagnostic studies to show abnormalities that could be expected to produce such severe symptoms." [R 18]. This is an improper application of the 11th Circuit's pain standard. In *Lamb v. Bowen*, 847 F.2d 698 (11th Cir.1988), Judge Allgood held that the Appeals Council's finding that " 'the degree of pain alleged by the claimant is inconsistent with, and not supported by, the evidence' is neither a proper evaluation of the evidence pursuant to the prescribed standards nor is it supported by the substantial evidence of record." 847 F.2d at 702–703.

The record reflects that the plaintiff sought relief for her back pain beginning on August 6, 1999, from her long-time physician, Russell D. Ulrich, D.O. [R 146]. Dr. Ulrich's treatment of the plaintiff's condition continued through November 20, 2002, when he referred her to Hugh G. Maddox, M.D., a pain management specialist. [R 131–146]. Dr. Maddox diagnosed the plaintiff as having facet joint arthropathy[1] of the lumbar spine. [R 111].

Dr. Ulrich's treatment records indicate that from January, 2002, through July 2003, he was regularly prescribing Lorcet Plus for the plaintiff's back pain. This medical evidence also shows a "longitudinal history of complaints and attempts at relief" that support the plaintiff's pain allegations. *See* SSR 96–7P 1996 WL 374186 at *7 ("In general, a longitudinal medical record demonstrating an individu-

---

1. "Arthritis is an affliction of such common occurrence that laboratory findings are unnecessary; the obvious manifestations of arthritis during a physical examination qualify as objective medical facts or clinical findings." *Sharfarz v. Bowen*, 825 F.2d 278, 280 (11th Cir.1987).

al's attempts to seek medical treatment for pain or other symptoms and to follow that treatment once it is prescribed lends support to an individual's allegations of intense or persistent pain or other symptoms for the purposes of judging the credibility of the individual's statements.")

 On December 6, 2004, Dr. Ulrich completed a Physical Capacity Evaluation ("PCE")[2] of the plaintiff at the request of her counsel. [R 184–186]. While the ALJ gave significant weight to the examinations performed by Dr. Ulrich, the ALJ rejected his opinions regarding the plaintiff residual functional capacity, "as [they are] not supported by either his own findings; by the findings of any other examining or treating source in the record; or by the results of any objective diagnostic tests." [R 17]. The ALJ's conclusion is not supported by substantial evidence. *See Hale v. Bowen,* 831 F.2d 1007, 1012 n. 7 (11th Cir.1987)(noting that the opinions contained on a PCE form, which instructed the physician to base his opinions on his clinical findings, should be assumed to be the doctor's own professional assessment). The ALJ had the opportunity to elicit additional medical evidence as to whether the plaintiff suffered from an objective medical condition that could reasonably give rise to disabling pain, but chose not to do so. *See Jenkins v. Sullivan,* 906 F.2d 107, 109 (4th Cir.1990)(noting the ALJ improperly analyzed the medical evidence himself rather than eliciting additional medical testimony from physicians).

Moreover, the Commissioner recognizes that pain and other subjective symptoms cannot be objectively measured and that the same physical impairment may produce differing levels of pain in different individuals.

Pain or other symptoms may cause a limitation of function beyond that which can be determined on the basis of the anatomical, physiological or psychological abnormalities considered alone; e.g., someone with a low back disorder may be fully capable of the physical demands consistent with those of sustained medium work activity, but another person with the same disorder, because of pain, may not be capable of more than the physical demands consistent with those of light work activity on a sustained basis.

20 C.F.R. § 404.1545(e).

 It is clear from the record that the plaintiff has an underlying medical condition, facet joint arthropathy, which could reasonably be expected to produce the pain alleged by the plaintiff. She has for years attempted to obtain relief from the pain, for the most part without much success. As Judge Allgood observed in *Lamb v. Bowen:* "[T]he record is replete with evidence of a medical condition that could reasonably be expected to produce the alleged pain. No examining physician ever questioned the existence of appellant's pain. They simply found themselves unable to cure the pain." 847 F.2d 698 (11th Cir.1988). The plaintiff also testified to severe muscle spasms, which her treating physician confirmed. Because the plaintiff meets the three part pain standard, the Commissioner must articulate reasons for refusing to credit the plaintiff's

---

**2.** This PCE indicated that the plaintiff could only sit for 30 minutes, stand for 15 minutes, and walk for 30 minutes at any one time, and sit for two hours, stand for 1 hour and walk for 1 hour during the course of an eight-hour day. Dr. Ulrich further stated that the plaintiff's condition would be expected to last for 12 or more months. The PCE categorized the

plaintiff's pain as "moderately severe," and noted muscle spasms as objective signs of the pain. Finally, the PCE indicated the plaintiff would experience sedation as a side effect of her medication, and could be expected to miss three or more days per month from work.

pain testimony. The ALJ's rejection of the plaintiff's credibility is not supported by substantial evidence. As noted above, the only finding as to the plaintiff's credibility regarding her pain is that her claims are "disproportionate to the objective medical evidence." [R 18]. As this is an improper application of the three-part pain standard, the plaintiff's testimony must be accepted as true by this court. *Hale v. Bowen*, 831 F.2d 1007, 1012. (11th Cir. 1987). Similarly, the ALJ's rejection of the opinion of the plaintiff's treating physician is not supported by substantial evidence. Therefore, Dr. Ulrich's PCE must be accepted as true.

The VE testified that if the plaintiff's pain testimony were credited, she would be "unable to function in any type of employment." [R 239]. Therefore, the Commissioner failed to carry her burden at step five of the sequential analysis and the plaintiff is disabled within the meaning of the Social Security Act.

An appropriate order will be entered contemporaneously herewith.

### FINAL ORDER

In conformity with and pursuant to the memorandum opinion entered contemporaneously herewith, it is

ORDERED, ADJUDGED and DE-CREED that the decision of the Commissioner of the Social Security Administration is hereby REVERSED, and the case is REMANDED to the Commissioner with instructions that the plaintiff be awarded the benefits claimed. It is

FURTHER ORDERED that the Commissioner withhold from payments that are determined to be due the plaintiff under this order an amount not to exceed 25 percent of the total amount of disability benefits to which the plaintiff is entitled, pursuant to the provisions of 42 U.S.C. § 406(b). The Commissioner is directed to advise the court of the amount withheld

so that the matter may be set for final determination of the amount of attorney's fee to be allowed plaintiff's counsel for services rendered in representing plaintiff in this cause.

It is further ORDERED pursuant to Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure, that plaintiff's attorney is hereby granted an extension of time in which to file a petition for authorization of attorney's fees under 42 U.S.C. § 406(b) until thirty (30) days subsequent to the receipt of a notice of award of benefits from the Social Security Administration. *This order does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act.*