33 F.3d 52
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Kannie McKENZIE, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 93-2202.
 United States Court of Appeals, Fourth Circuit.
 Argued July 12, 1994.
Decided August 17, 1994.
 
 Appeal from the United States District Court for the District of South Carolina, at Orangeburg. Robert S. Carr, Magistrate Judge. (CA-92-886-5-2AJ)
 Keith O'Brien Brown, Palmetto Legal Services, Orangeburg, SC, for appellant.
 Malinda Caroline Hamann, Assistant Regional Counsel, Department of Health & Human Services, Atlanta, GA, for appellee.
 Frank W. Hunger, Asst. Atty. Gen., J. Preston Strom, Jr., U.S. Atty., Bruce R. Granger, Chief Counsel, Region IV, Mack A. Davis, Deputy Chief Counsel for Social Security Litigation and Programs, Mary Ann Sloan, Principal Regional Attorney, Haila Naomi Kleinman, Supervisory Assistant Regional Counsel, Department of Health & Human Services, Atlanta, GA, for appellee.
 D.S.C.
 AFFIRMED.
 Before RUSSELL, WIDENER, and HALL, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Kannie McKenzie appeals from an order of the district court affirming the Secretary's denial of her claim for Social Security benefits. We find no merit in McKenzie's assignments of error and accordingly affirm the decision below.
 
 I.
 
 2
 In June 1988, McKenzie filed an application for Supplemental Security Income benefits with the Social Security Administration, claiming disability due to arthritis, bursitis, flat feet, and high blood pressure. The Secretary denied this application initially and on reconsideration.
 
 
 3
 Following this denial, McKenzie requested and received a hearing before an administrative law judge ("ALJ"). The ALJ issued a decision on July 21, 1989, denying McKenzie's claim. The Appeals Council, however, granted McKenzie's request for review, vacated the ALJ's decision, and remanded the case to the ALJ for a new decision. On remand, the ALJ found that McKenzie was capable of performing a full range of medium work[1] and applied the medical vocational guidelines to determine that she was not disabled. This determination became the final decision of the Secretary upon the Appeals Council's denial of McKenzie's request for review.
 
 
 4
 McKenzie thereafter filed a complaint in the district court seeking judicial review of the ALJ's decision. Magistrate Judge Carr issued an order affirming the decision of the ALJ. McKenzie appeals this decision on numerous grounds.
 
 II.
 
 5
 Judicial review of a final decision of the Secretary denying or granting Social Security benefits is limited to determining whether the factual findings of the Secretary are supported by substantial evidence and whether the correct law was applied. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir.1990). Substantial evidence is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Elaborating on the foregoing definition, this court has said that substantial evidence "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Hays, 907 F.2d at 1456 (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir.1966)).
 
 III.
 
 6
 On appeal, McKenzie first contends that the ALJ failed to give adequate weight, pursuant to the treating physician rule, to the opinions of her treating physicians, Drs. Huff and Coulter. We disagree.
 
 
 7
 Pursuant to the treating physician rule as applied in the Fourth Circuit, the opinion of a claimant's treating physician is "entitled to great weight for it reflects an expert judgment based on a continuing observation of the patient's condition over a prolonged period of time." Mitchell v. Schweiker, 699 F.2d 185, 187 (4th Cir.1983). A treating physician's opinion may be "ignored only if there is persuasive contradictory evidence." Foster v. Heckler, 780 F.2d 1125, 1130 (4th Cir.1986) (emphasis in original).
 
 
 8
 Dr. Huff, who treated McKenzie from October 1977 to June 1988, stated, in a "Physician's Certificate" he completed for the Department of Social Services on May 3, 1988, that McKenzie's "work capacity" was "none." The only justification Dr. Huff, a general practitioner, provided in support of this opinion was that a "mild" degenerative disease of the right hip appeared on the x-ray. Dr. Huff, however, did not explain how such a "mild" condition could cause complete disability. Moreover, approximately three months after Dr. Huff evaluated McKenzie's capacity, Dr. Eady, an orthopedic specialist, examined McKenzie and concluded that despite her complaints of pain, McKenzie had "no impairment that I could discern." Given the presence of this "persuasive contradictory evidence" in the record, we find that the ALJ properly disregarded Dr. Huff's findings.
 
 
 9
 Likewise, we find that the ALJ properly disregarded Dr. Coulter's opinion that McKenzie suffers from depression. Dr. Coulter examined McKenzie only once, on a consultative basis; his opinion, therefore is not entitled to special weight pursuant to the treating physician rule. In any event, the record contains substantial "persuasive contradictory evidence" that any depression McKenzie may experience does not impose any limitation on her ability to work. Specifically, the record indicates that McKenzie's weight has remained stable over the years despite her allegations of a loss in appetite. The record contains no observations of emotional outbursts, frequent crying spells, or other signs of emotional instability. Finally, the record indicates that McKenzie engages in a variety of activities that are not consistent with her claim of disabling depression.[2]
 
 IV.
 
 10
 McKenzie next contends that the ALJ improperly evaluated her complaints of pain. We disagree.
 
 
 11
 Under Foster v. Heckler, 780 F.2d 1125 (4th Cir.1986), a claimant must first produce objective medical evidence of a condition which could reasonably be expected to produce the alleged pain.[3] Foster v. Heckler, 780 F.2d at 1128-29. Once such medical evidence is presented, the effects of the alleged pain on a claimant's residual functional capacity must be considered. Id. at 1130.
 
 
 12
 In the instant case, we find that the ALJ properly evaluated the effect of McKenzie's alleged pain upon her ability to perform medium work and that substantial evidence in the record supports the ALJ's finding that, despite McKenzie's complaints of pain, she can perform a full range of medium work. To begin, the record shows that McKenzie's regular activities include dancing, attending church, teaching Sunday School, singing in the church choir, caring for her mentally impaired adult son, and doing household chores. Further, McKenzie has not required strong pain medication or other intensive treatment for relief of pain. Finally, McKenzie's treating physicians have not placed functional restrictions on McKenzie's ability to engage in activities requiring a medium level of exertion; in fact, McKenzie testified that her doctor had advised her to ride a bicycle, which she did for a period of time.
 
 V.
 
 13
 Finally, McKenzie alleges that the ALJ's finding that McKenzie retains the residual functional capacity to perform a wide range of medium work is not supported by substantial evidence. We disagree. While the medical evidence does establish that McKenzie suffers from several impairments, substantial evidence of record exists, including a "no impairment" opinion by an examining orthopedic specialist and an extensive list of regular activities, to support the ALJ's determination that McKenzie's impairments do not restrict her ability to perform a full range of medium work.
 
 
 14
 We have reviewed McKenzie's remaining assignments of error and find them to be without merit. We accordingly affirm the decision of the district court, upholding the ALJ's decision to deny McKenzie benefits.
 
 AFFIRMED
 
 
 [1]
 Medium work "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. Sec. 404.1567(c)
 
 
 [2]
 Specifically, McKenzie's reported activities include doing household chores, dancing, attending church, teaching Sunday School, singing in the church choir, and caring for her mentally impaired adult son
 
 
 [3]
 We note that in Mickles v. Shalala, No. 93-1891 (4th Cir. July 18, 1994), the members of this court debate whether, under the first step of the analysis used to evaluate complaints of pain, a claimant must prove the existence of a medical impairment which could reasonably be expected to produce "the actual pain, in the amount and degree, alleged by the claimant," Mickles, No. 93-1891, slip op. at 15 (Luttig, J., concurring in the judgment), or whether a claimant need only prove the existence of a medical impairment which could reasonably be expected to be "a source for the pain," id. at 3 n. 2 (Hall, J., concurring in the judgment). We need not address this issue today, however, because we find that the ALJ properly evaluated McKenzie's subjective complaints of pain under the second step of the disputed analysis